UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QWEST CORPORATION, a Colorado corporation,

Plaintiff,

v.

ANOVIAN, INC., et al.,

Defendants.

CASE NO. C08-1715 RSM

ORDER GRANTING DEFENDANT TRANSCOM'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This matter is now before the Court for consideration of defendant Transcom's Rule 12 (b)(2), (3), and (6) motion to dismiss. Dkt. # 47. The motion asserts numerous bases for dismissal: lack of personal jurisdiction; improper venue, or in the alternative, to transfer venue; and failure to state a claim upon which relief can be granted. Defendant also moves, in the alternative, for a definite statement pursuant to Rule 12(e). The Court has considered the pleadings, the memoranda of the parties, and the declarations submitted. For the reasons set forth below, the Court does not reach all of the issues presented because the Court finds that it does not have personal jurisdiction over the defendant.

FACTUAL BACKGROUND

This matter arises out of Qwest Corporation's allegations that defendants Anovian, Broadvox, Transcom, and UniPoint failed to pay legally required charges (access charges) for their use of Qwest's services in completing long-distance telephone calls. Qwest alleges that the defendants are liable for these charges because they "act as" interexchange carriers within the meaning of 47 C.F.R. § 69.5(b),

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 1

which assesses access charges "upon all interexchange carriers that use local exchange switching facilities" in providing interstate telecommunications services.

Defendants Transcom Holdings, Inc. ("Transcom Holdings") and Transcom Enhanced Services, Inc. ("Transcom Enhanced Services") (collectively, "Transcom") are providers involved in the telecommunications industry that participate, through the use of new Internet technology, in the routing of telephone calls, some of which originate or terminate in Washington. Prior to June 16, 2006, Transcom Enhanced Services was a Texas company in which Transcom Holdings owned a minority of the equity. However, Transcom Enhanced Services filed for protection under Chapter 11 of the Bankruptcy Code in February 2005, and its reorganization plan went into effect on June 16, 2006. In accordance with the plan, all equity interests that Transcom Holdings held in Transcom Enhanced Services were canceled. Thus, since June 16, 2006, Transcom Holdings has existed as only a shell, with no actual activities. Even prior to that date, Transcom Holdings' only activities other than owning equity were providing some back-office services for subsidiaries and affiliates. All of Transcom Holdings' activities took place in Texas.

Transcom has its principal place of business and its corporate office in Dallas-Fort Worth, Texas. Neither Transcom Enhanced Services nor Transcom Holdings has ever had any offices, employees, property, or operations in Washington. Neither is registered to do business in Washington, neither has a registered agent for service of process here, and neither has had any contractual relationships with entities located in Washington since the filing date of the Complaint.

Qwest provides local and long-distance telephone service to customers in many states, including Washington. Generally speaking, long-distance carriers, or interexchange carriers, rely on companies like Qwest to originate or terminate long-distance calls at the consumer level. Such interexchange

carriers are charged access charges for the use of Qwest's services in traditional wireline long-distance service. However, the emergence of a new Internet technology—"IP telephony"—has allowed Transcom and similar companies to provide communications services over the Internet, not using traditional wireline technology. The defendant does not deal directly with Qwest and instead routes calls to another provider, which then routes the calls to Qwest for termination.

ANALYSIS

Personal jurisdiction may be grounded in either general jurisdiction, when a defendant is either domiciled in or conducts "substantial" or "continuous and systematic" activities in the forum state, or specific jurisdiction, derived from a defendant's individual acts with respect to the allegations of a complaint. *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (*citing Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Qwest's theory of jurisdiction in this matter is one of specific not general jurisdiction. "Washington's long-arm statute establishes personal jurisdiction over a foreign party to the full extent permitted by due process." *Corbis Corp. v. Integrity Wealth Management, Inc.* Slip Copy, 2009 WL 2486163 (W.D. Wash.) (*citing Byron Nelson Co. v. Orchard Management Corp.*, 95 Wash. App. 462, 465 (1999)). The statute provides for specific personal jurisdiction over non-resident defendants for matters arising out of, among other things, the transaction of business within the state, the commission of a tortious act within the state, or the ownership, use, or possession of any property within the state. Wash. Rev. Code § 4.28.185(a)–(c). The Due Process Clause restricts findings of personal jurisdiction to those cases in which nonresident "defendants have 'minimum contacts' with the forum state so that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991) (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 3

To analyze whether the "minimum contacts" requirement is met, the Ninth Circuit has established a three-part test: "(1) the nonresident defendant must have *purposefully availed* himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must *arise out of* or result from the defendant's forum-related activities; and (3) exercise of jurisdiction must be *reasonable*." *Id.* at 620–21.

To meet the purposeful availment requirement under the first prong of the test, "the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.* at 621 (*citing Sinatra v. National Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988)). Courts distinguish between contract and tort actions in analyzing this requirement. While for suits concerning contracts, courts typically use a purposeful availment analysis, for suits grounded in tort, courts most often use a purposeful direction analysis. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2002). As this is a tort action, the Court will employ a purposeful direction analysis.

A showing of purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803. A defendant need not have physical contacts with the forum state. *Id.* Courts use a three-part "effects" test in determining whether a plaintiff has satisfied the purposeful direction element of personal jurisdiction. The "effects" test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (explaining the test set out in *Calder v. Jones*, 465 U.S. 783 (1984)).

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 4

The plaintiff has the burden of proving the first two prongs of the Ninth Circuit's test. However, showing that the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice falls on the defendant's shoulders: "[w]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Panavision*, 141 F.3d at 1322 (*citing Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)). If a court decides that a defendant's activities satisfy the first two prongs of the Ninth Circuit's test, it will then consider seven factors to determine the reasonableness of exercising personal jurisdiction over that defendant:

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 1323 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)). In weighing these factors, the courts find no single factor dispositive. *Id.*

Qwest has not met its burden to show that Transcom has purposefully directed activities at Washington. Under the effects test, even if it were true that Transcom committed an intentional act in allowing certain telephone calls that originated or terminated in Washington to pass through Transcom's system, the acts must still be expressly aimed at Washington and must cause harm that Transcom knew was likely to be suffered in Washington.

Documents filed by defendant Transcom demonstrate that Transcom merely performs a service for calls that are routed over Qwest's network by a third party, Electric Lightwave, Inc. Transcom does

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 5

not itself make the decision regarding where calls will originate or terminate, and the circuits over which the calls are routed to Qwest are operated by Electric Lightwave, Inc., not Transcom. Moreover, it was Electric Lightwave, Inc.'s independent decision to route the traffic in question over Qwest's network, as opposed to that of another carrier. Even if Transcom's business with Electric Lightwave, Inc. were to constitute express acts aimed at Washington, it is unlikely that Transcom was aware that any resulting harm was likely to be suffered in Washington, particularly considering the fact that Qwest is based in Colorado, not Washington.

Further, even if Transcom had purposefully directed activities at Washington, and even if Transcom's purchase of services from Electric Lightwave, Inc.—a Washington-based company—was the act from which Qwest's claim arose, the reasonableness prong of the personal jurisdiction test is still not met. The *Schwarzenegger* case makes it clear that physical contact with Washington is not a prerequisite to a finding of personal jurisdiction. However, it is relevant to an assessment of the reasonableness factor of minimum contacts with a forum state. Analysis of the seven factors that the courts consider in assessing reasonableness reveals what would be a difficult burden on Transcom if it was forced to defend this case here.

First, an alternative forum for the case exists: Texas. Even without regard for the other defendants, whose principal places of business are also in Texas, all of Transcom's operations, records, and employees are located in Texas. Jurisdiction there would thus be proper and would promote judicial efficiency. Moreover, because Transcom operates in Texas and not in Washington, its burden would be high if it was forced to defend the case in Washington. Transcom has no ties to Washington other than its decision to purchase services from a company that used Washington-based circuits to route a portion

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 6

of its traffic to Qwest. All of the defendant's operations are based in Texas, and none are based in Washington.

If Transcom's contacts with Washington were significantly stronger, it might warrant causing the defendant to incur substantial costs for travel and employee time. However, even if the Court could find that Transcom purposefully directed business at the state of Washington, the extent of its purposeful interjection was very limited. Transcom's industry is one of complex communications, transferred through various technologies by multiple intermediaries in different locations as calls move from caller to recipient. It would offend "traditional notions of fair play and substantial justice" to require Transcom to defend itself in any given forum around the world in which it has so few business ties and no physical presence.

## CONCLUSION

The Court has found neither that Transcom purposefully directed its activities at Washington, nor a cause of action arising out of Transcom's activities in Washington, such that exercise of jurisdiction over Transcom would be reasonable. Therefore, the Court concludes that it does not have personal jurisdiction over Transcom. Accordingly, defendant's Rule 12(b)(2) motion to dismiss is GRANTED, and this action is DISMISSED for lack of jurisdiction. The Clerk shall enter judgment accordingly.

DATED this 16th day of December, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT
TRANSCOM'S MOTION TO DISMISS FOR
LACK OF JURISDICTION - 7