1
2
3
4
5
6
7
8
9
10

Honorable Ricardo S. Martinez

11          **IN THE UNITED STATES DISTRICT COURT**
12     **FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
13

| QWEST CORPORATION, | Case No. 2:08-cv-01715-RSM |
|---|---|
| Plaintiff, | **MOTION FOR ENTRY OF RULE 54(b) FINAL JUDGMENT** |
| v. | NOTE ON MOTION CALENDAR: January 15, 2010 |
| ANOVIAN, INC., et al. | |
| Defendants. | |

14      Plaintiff Qwest Corporation ("Qwest"), by and through its undersigned counsel, hereby

15 moves, in the alternative, for entry of a Rule 54(b) final judgment with regard to (i) the Court's

16 December 16, 2009 Order Granting Defendant Transcom's Motion to Dismiss for Lack of

17 Jurisdiction (Dkt. No. 67) and (ii) the Court's December 16, 2009 Order Granting the Broadvox

18 Defendants' Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 68) and states the following in

19 support hereof:

20                    **FACTUAL BACKGROUND**

21      1.      On December 16, 2009, the Court dismissed for lack of personal jurisdiction

22 Defendants Broadvox, Inc., Broadvox, LLC, and BroadvoxGo!, LLC (collectively, the

23 "Broadvox Defendants") (Dkt. No. 68) and Defendants Transcom Enhanced Services, Inc. and

24 Transcom Holdings, Inc. (collectively, the "Transcom Defendants") (Dkt. No. 67).   In so

Motion for Rule 54(b) Final Judgment
Case No. 2:08-cv-01715-RSM
Page 1 of 8

Kamlet Reichert, LLP
1515 Arapahoe Street, Tw. 1, Suite 1600
Denver, CO 80202
(303) 825-4200, (303) 825-1185 (fax)

1    granting each of these Defendants' Rule 12(b)(2) Motions to Dismiss, the Court specifically

2    stated that "this action is DISMISSED for lack of jurisdiction," and directed that "[t]he Clerk

3    shall enter judgment accordingly."  Dkt No. 67, at 7, lines 20-21 (emphasis in original); Dkt. No.

4    68, at 7, lines 21-22 (emphasis in original).

5         2.       Contemporaneous with this motion, Qwest has filed two additional motions:  (i) a

6    Motion for Reconsideration of the Order Granting Defendant Transcom's Motion to Dismiss for

7    Lack of Jurisdiction and the Order Granting the Broadvox Defendants' Motion to Dismiss for

8    Lack of Jurisdiction; and (ii) a Motion for Reconsideration Regarding Denial of Jurisdictional

9    Discovery, made in the alternative.  This instant Motion for Entry of Rule 54(b) Final Judgment

10   is made in the alternative to these other two motions, and should be relevant only if the Court

11   denies both of Qwest's motions for reconsideration.

12                                    **DISCUSSION**

13        3.       If the Court denies Qwest's Motion for Reconsideration (Dkt. No. [TBD]) and

14   does not withdraw its prior December 16, 2009 Order granting Defendant Broadvox' and

15   Transcom's respective Rule 12(b)(2) Motions to Dismiss, and if the Court also denies Qwest's

16   Motion for Reconsideration Regarding Denial of Jurisdictional Discovery (Dkt. No. [TBD]),

17   Qwest moves, in the alternative, that the Court enter a final judgment, pursuant to Fed. R. Civ. P.

18   54(b), to allow Qwest to immediately appeal the Court's Orders dismissing the Broadvox

19   Defendants and the Transcom Defendants for lack of personal jurisdiction.

20        4.       It may be that the Court already intended this result, based on its direction to the

21   Clerk to "enter judgment" to indicate that "this action," as against the Broadvox Defendants and

22   the Transcom Defendants, "is dismissed for lack of jurisdiction."  Nonetheless, out of an

23   abundance of caution, Qwest brings this motion to ensure that the Court enters a clear *Rule 54(b)*

1    final judgment as to these defendants to allow the immediate appeal of the orders granting the

2    Broadvox Defendants' and the Transcom Defendants' 12(b)(2) Motions to Dismiss, as is

3    appropriate in this case.

4         5.       Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:

5              When an action presents more than one claim for relief . . . or *when*
6              *multiple parties are involved*, the court may direct entry of a final
7              judgment as to one or more, but fewer than all, claims or parties
8              only *if the court expressly determines that there is no just reason*
9              *for delay*.  (emphasis added).

10        6.       If the Court denies Qwest's motions for reconsideration, and stays the course

11   directing the Clerk to enter judgment for the Broadvox Defendants and the Transcom

12   Defendants, the Court should make clear that the judgment it is directing the Clerk to enter, is, by

13   definition, a final judgment pursuant to Rule 54(b).  To be sure, Qwest would prefer that the

14   Court grant one of its well-considered motions for reconsideration, but in the event it does not,

15   Qwest brings this motion to ensure that any judgment that is entered is clear.  The entry of any

16   such final judgment should further clearly state that judgment is entered pursuant to Rule 54(b),

17   and that there is no just reason for delaying the adjudication on appeal of the Court's finding that

18   it lacks personal jurisdiction over the Broadvox Defendants and the Transcom Defendants.

19        7.       No just reason for delay exists because (i) the jurisdictional claims are easily

20   severable from the merits of the lawsuit and (ii) the immediate appeal of the jurisdictional claims

21   would serve the efficient administration of justice.  In *Core-Vent Corp. v. Nobel Industries AB*,

22   the Ninth Circuit readily affirmed the district court's entry of a Rule 54(b) final judgment

23   regarding the dismissal of less than all defendants for lack of personal jurisdiction.  11 F.3d

24   1482, 1484 (9th Cir. 1993).  Core-Vent brought suit against four Swedish doctors among other

25   defendants.  *Id.*  The district court granted the Swedish doctors' motion to dismiss for lack of

1   personal jurisdiction and also entered a final judgment, pursuant to Fed. R. Civ. P. 54(b).  *Core-*

2   *Vent*, 11 F.3d at 1484.  In the appeal, the Swedish doctors argued that "the district court abused

3   its discretion in granting Core-Vent's motion for the entry of final judgment." *Id.*

4       8.      "Rule 54(b) certification is proper if it will aid expeditious decision of the case.

5   However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which

6   should be reviewed only as single units." *Id.* (internal quotations omitted); *Wood v. GCC Bend*,

7   *LLC*, 422 F.3d 873, 878 n.2 (9th Cir. 2005) (indicating that "it was proper for the district judge to

8   consider such factors as whether the adjudicated claims were separable from the others and

9   whether the nature of the claim was such that no appellate court would have to decide the same

10  issues more than once" in determining whether to enter a Rule 54(b) final judgment) (citing

11  *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).  In *Core-Vent*, the Ninth

12  Circuit concluded that "dealing with the jurisdictional issue now may obviate the need for a

13  second trial," aiding in the "expeditious decision of the case." *Core-Vent*, 11 F.3d at 1484.  The

14  Ninth Circuit further concluded that "the jurisdictional question at issue here is unrelated to the

15  other issues in the case; thus, entry of final judgment will not lead to undesirable 'piecemeal

16  appeals.'" *Id.*

17      9.      Here, like in *Core-Vent*, there is no just reason for delay in allowing an appeal of

18  the Court's determination on the issue of personal jurisdiction over the Transcom Defendants

19  and the Broadvox Defendants.  This issue is unrelated to the merits of the underlying lawsuit and

20  dealing with the jurisdictional issue now may obviate the need for a second trial.  In addition,

21  little if any risk exists that the Ninth Circuit would be faced with having to decide the issue of

22  personal jurisdiction over the Transcom Defendants and the Broadvox Defendants a second time.

23  Allowing the Ninth Circuit to immediately hear an appeal on whether the Court has personal

Motion for Rule 54(b) Final Judgment
Case No. 2:08-cv-01715-RSM
Page 4 of 8

Kamlet Reichert, LLP
1515 Arapahoe Street, Tw. 1, Suite 1600
Denver, CO 80202
(303) 825-4200, (303) 825-1185 (fax)

1   jurisdiction over the Transcom Defendants and the Broadvox Defendants will remove any doubt

2   as to the correctness of the Court's dismissal of these parties for lack of personal jurisdiction.

3          10.    Further, entry of final judgment pursuant to Rule 54(b) will prevent undue delay

4   and prejudice to Qwest.  Defendants Unipoint Holdings, Inc., Unipoint Enhanced Services, Inc.

5   (d/b/a "Point One") and Unipoint Services, Inc. (the "Unipoint Defendants") remain in the case.

6   On December 15, 2009 the Court granted the Unipoint Defendants' 12(b)(6) Motion to Dismiss,

7   but allowed Qwest thirty (30) days to file an amended complaint to address what the court

8   deemed to be deficiencies in Qwest's original Complaint.   Qwest anticipates filing such an

9   amended complaint, and proceeding against the Unipoint Defendants.   Should that action

10  proceed through discovery and trial, the inefficiency and prejudice that will result, if the Court's

11  dismissal of the remaining defendants is not subject to immediate appeal, should be apparent.

12  While Qwest could eventually appeal the Court's orders dismissing the Transcom Defendants

13  and the Broadvox Defendants when the remaining action against the Unipoint Defendants is

14  completed, that could be years down the road.

15         11.    Further, if the Court's determination as to personal jurisdiction over the Broadvox

16  and Transcom Defendants is ultimately reversed, that would necessitate a second trial.   The

17  expense of a largely duplicative trial could be avoided by ensuring that this Court's

18  determination on personal jurisdiction is reviewable now.  *See, e.g., Advanced Magnetics, Inc. v.*

19  *Bayfront Partners, Inc.*, 106 F.3d 11, 16-17 (2d Cir. 1997) (holding that entry of a Rule 54(b)

20  final judgment was appropriate where an immediate appeal may help avoid a second costly trial).

21         12.    The additional delay resulting from a second trial also potentially jeopardizes

22  Qwest's ability to fully recover the alleged damages even if it eventually prevails on the merits.

23  The Transcom Defendants have already emerged from one round of bankruptcy.  Dkt. No. 67, at

1    2, lines 10-15.  Moreover, Defendant Anovian Inc. (now dismissed) has recently ceased all

2    operations.  *See* Qwest Consolidated Opposition Brief to Defendants' Motions to Dismiss, Dkt.

3    No. 55, Exhibit C.  The questionable long-term solvency of the defendants further weighs in

4    favor of this Court entering a Rule 54(b) final judgment regarding the Court's December 16,

5    2009 Orders dismissing the Transcom Defendants and the Broadvox Defendants for lack of

6    personal jurisdiction.  *See Curtiss-Wright Corp.*, 446 U.S. at 12 (discussing that defendant

7    insolvency "would weigh in favor of certification").

8        WHEREFORE, Qwest requests that, if the Court denies Qwest's Motion for

9    Reconsideration relating to the Court's December 16, 2009 Orders dismissing the Transcom

10   Defendants and the Broadvox Defendants for lack of personal jurisdiction, and if the Court

11   further denies Qwest Motion for Reconsideration Regarding Denial of Jurisdictional Discovery,

12   then, in the alternative, the Court:

13        1) enters a Rule 54(b) final judgment regarding the Court's December 16, 2009 Orders

14   dismissing the Transcom Defendants and the Broadvox Defendants for lack of personal

15   jurisdiction;

16        2) expressly finds and states there is no just reason to delay the appeal of this Court's

17   determination that it lacks personal jurisdiction over the Transcom Defendants and the Broadvox

18   Defendants; and

19        3) expressly articulates this Court's reasons for determining that any such entry of

20   judgment is a Rule 54(b) entry of final judgment as to these defendants, and explains why

21   immediate appellate review is advisable regarding its December 16, 2009 Orders granting the

22   Broadvox Defendants' and Transcom Defendants' respective 12(b)(2) Motions to Dismiss.

Motion for Rule 54(b) Final Judgment
Case No. 2:08-cv-01715-RSM
Page 6 of 8

Kamlet Reichert, LLP
1515 Arapahoe Street, Tw. 1, Suite 1600
Denver, CO 80202
(303) 825-4200, (303) 825-1185 (fax)

1    Dated this 30th day of December, 2009.

2                              Respectfully Submitted,

3                              s/ Philip J. Roselli

4                              Philip J. Roselli, Colo. Bar No. 20963
5                              Kamlet Reichert, LLP
6                              1515 Arapahoe Street, Tower 1
7                              Suite 1600
8                              Denver, CO 80202
9                              (303) 825-4200
10                            proselli@kamletlaw.com
11
12                            *Attorneys for Plaintiff Qwest Corporation*
13
14
15

Motion for Rule 54(b) Final Judgment
Case No. 2:08-cv-01715-RSM
Page 7 of 8

Kamlet Reichert, LLP
1515 Arapahoe Street, Tw. 1, Suite 1600
Denver, CO 80202
(303) 825-4200, (303) 825-1185 (fax)

1

**CERTIFICATE OF SERVICE**

2
3
4

    I hereby certify that on December 30, 2009, I electronically filed the foregoing **MOTION FOR ENTRY OF RULE 54(b) FINAL JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alex E. Gertsberg
1228 Euclid Ave., #390
Cleveland, OH 44115
agertsburg@broadvox.com

Anita Taff-Rice
LAW OFFICES OF ANITA TAFF-RICE
1547 Palos Verdes #298
Walnut Creek, CA 94597
anitataffrice@earthlink.net

David H. Binney
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
david.binney@klgates.com

Steven H. Thomas
MCGUIRE CRADDOCK & STROTHER
500 N. Akard, Suite 3550
Dallas, TX 75201
sthomas@mcslaw.com

Brian William Esler
MILLER NASH LLP
601 Union Street
4400 Two Union Square
Seattle, WA 98101
brain.esler@millernash.com

Brooks Elliot Harlow
MILLER NASH LLP
601 Union Street
4400 Two Union Square
Seattle, WA 98101
brooks.harlow@millernash.com

Charles David Breckinridge
WILTSHIRE & GRANNIS
1200 18th Street, N.W.
12th Floor
Washington, DC 20036
cbreckinridge@wiltshiregrannis.com

Patrick Pearse O'Donnell
WILTSHIRE & GRANNIS
1200 18th Street, N.W.
12th Floor
Washington, DC 20036
podonnell@wiltshiregrannis.com

Geoffrey P. Knudsen
SMITH & HENNESSEY
316 Occidental Ave. S., Suite 500
Seattle, WA 98104
gknudsen@smithhennessey.com

5

    Dated:  December 30, 2009            s/ Mark A. Walker_____

Motion for Rule 54(b) Final Judgment
Case No. 2:08-cv-01715-RSM
Page 8 of 8

Kamlet Reichert, LLP
1515 Arapahoe Street, Tw. 1, Suite 1600
Denver, CO 80202
(303) 825-4200, (303) 825-1185 (fax)