# Alex Gertsburg

| | |
|---|---|
| From: | Keller, Charles [CKeller@wbklaw.com] |
| Sent: | Friday, November 06, 2009 12:05 PM |
| To: | Alex Gertsburg |
| Cc: | Morse, Robert; Tramont, Bryan |
| Subject: | LNP Review results |
| Attachments: | REDACTED FOR PRIVILEGE |

Alex-

We have completed our review of the information that has been provided thus far. Although the information is not totally complete (for example,

REDACTED FOR PRIVILEGE

you'd like us to assess other companies within your corporate family, we would be happy to do so once the necessary information for those companies is provided.

Please let us know if you have any questions. I will be in the office today until 1:00 EST. I will also be available next week by phone (though I will be out of the country). Rob will be in the office today and next week.     -Chuck

>>>
L. Charles Keller
Wilkinson Barker Knauer, LLP
2300 N Street NW, Suite 700, Washington, DC 20037
direct 202.383.3414  email ckeller@wbklaw.com  www.wbklaw.com

This electronic message transmission contains information from the law firm of Wilkinson Barker Knauer, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at 202.783.4141 or by electronic mail (administrator@wbklaw.com) immediately.

EXHIBIT

A-1

**Alex Gertsburg**

| | |
|---|---|
| From: | Alex Gertsburg |
| Sent: | Thursday, February 04, 2010 8:22 PM |
| To: | Movshin, Lawrence |
| Cc: | Morse, Robert; Tramont, Bryan |
| Subject: | Re: Invoice |

I understand your position, Larry, and strongly disagree with it. I think you're interpreting our refusal to waive this type of conflict far differently than anyone else in our places would. You are suing your client. Our decision not to waive -- which is really oversimplified in your email -- is clearly reasonable and diligent. We might waive other conflicts. I don't think anyone would waive this one.

There is more in your email with which I disagree. I won't go through all of it, but I don't think it's fair to rely on one phrase I used in line for the Dr. Seuss ride with my kids at Universal Orlando. Your voicemails Tuesday and Wednesday stressed urgency so I called you from my family vacation. I think relying on one sentence from that brief call to now say we are not being "diligent" is disingenuous. (I also think you misquoted it). I assure you your request has been thoroughly vetted since then to arrive at the only reasonable decision for this conflict issue.

On Feb 4, 2010, at 7:04 PM, "Movshin, Lawrence" <LMovshin@wbklaw.com> wrote:

REDACTED FOR PRIVILEGE

> Alex – thanks for your response.
>
> ... we do not agree with your analysis of the situation regarding our representation. Given the ethical issues involved, I thought it would help to review the bases on which we have terminated our relationship with Broadvox, and may accept the representation of Qwest in the pending litigation matter in federal court in Washington State.
>
> As you will recall, when we initially began this representation, which had a limited scope, we requested as part of our retainer agreement that you provide an advance waiver of *any* conflicts which might be presented to us in the future by reason of an adversity to Broadvox with any of our existing clients. At that time, you requested that we limit this advance waiver to regulatory matters. After a number of conversations about this issue, we agreed in the June 18, 2009 letter that we executed that this advance waiver of conflicts would not extend to civil litigation. In return, however, you expressly confirmed your willingness to consider waivers in those cases where we have not been asked to represent Broadvox, and agreed that you would "act reasonably and diligently in considering such requests."
>
> Since all of the work required for the initial project for which we were retained has been complete for several months (our last assignment was completed in November, 2009), we could simply have terminated our representation immediately, since termination can be accomplished "without material adverse effect on the interests of the client" (see Rule 1.16 of the DC Code of Professional Conduct and Rule 1.16 of the Colorado Rules of Professional Conduct). However, in an effort to maintain our relationship with Broadvox, and based on your representation in the retainer letter as to how you would consider such conflicts, we chose to ask for a waiver of the potential conflict that could be created when several attorneys from Kamlet Reichert, currently representing our long-time client Qwest in the Washington litigation adverse to Broadvox, joined Wilkinson Barker, if Qwest chose to retain them to continue that litigation. And as a current client, represented separately in the matter, you clearly had a right to determine whether or not to waive that conflict (Rule 1.7(b) of both the DC Code of Professional Conduct and the Colorado Rules of Professional Conduct).

1

EXHIBIT
A-2

Of course, Alex, a client always retains the unfettered right to deny a request for a conflict waiver. However, the basis you gave to Rob and me for doing so in this case – "not wanting to do anything that would make it more convenient for Qwest to litigate against Broadvox" – is not, in our view, consistent with your commitment to be reasonable in considering such waivers. It is not based on any relationship to the type of work we have done for Broadvox, or on any other prejudice to the company that would be created in having our firm represent Qwest in light of our past representation of Broadvox; instead, it appears to be based purely on a desire to make it difficult for the attorneys currently represent Qwest from continuing to do so in a matter that they have handled for some time, and then only because they have chosen to change law firms. As such, and as we had discussed at the time our retainer agreement was negotiated, in the absence of such a waiver, we have chosen to terminate our attorney-client relationship with the company.

We are sorry that we were not able to work this issue out in a fashion that would have allowed us to retain our relationship.

REDACTED FOR PRIVILEGE

Please let us know if you would like your files moved to new counsel. Again, we all wish Broadvox the best of success in its future business endeavors.

Regards,

Larry

Lawrence J. Movshin

Partner
Wilkinson Barker Knauer, LLP
2300 N Street, NW, Suite 700
Washington, DC 20037
202-783-4141 (phone)
202-383-3338 (direct)
301-717-5154 (cell)
202-783-5851 (fax)
LMovshin@wbklaw.com
www.wbklaw.com

---

**From:** Alex Gertsburg [mailto:agertsburg@broadvox.com]
**Sent:** Thursday, February 04, 2010 7:44 AM
**To:** Movshin, Lawrence
**Cc:** Morse, Robert; Tramont, Bryan
**Subject:** Re: Invoice

Thanks Larry. We appreciate your work and your relationship with us, neither of which we believe has terminated. (I haven't even reviewed the delivered work product yet, which is why the bill is still pending). We think your firm has a clear conflict of interest if it represents Qwest in litigation against Broadvox, and candidly I think you agree or else you would not have called me these last two days requesting a waiver, or taken affirmative steps to attempt to terminate the relationship by phone and e-mail.

REDACTED FOR PRIVILEGE

On Feb 3, 2010, at 4:33 PM, "Movshin, Lawrence" <LMovshin@wbklaw.com> wrote:

> Alex: thanks for taking our call today.
>
> REDACTED FOR PRIVILEGE
>
> Since our work on the project is complete, we are terminating our relationship with Broadvox at this time. Should you require additional regulatory advice in the future, we would be happy to discuss a new relationship at the time.
>
> We wish you the best of success,
>
> Regards,
>
> Larry
>
> Lawrence J. Movshin
>
> Partner
> Wilkinson Barker Knauer, LLP
> 2300 N Street, NW, Suite 700
> Washington, DC 20037
> 202-783-4141 (phone)
> 202-383-3338 (direct)
> 301-717-5154 (cell)
> 202-783-5851 (fax)
> LMovshin@wbklaw.com
> www.wbklaw.com
>
> ---
>
> **From:** Alex Gertsburg [mailto:agertsburg@broadvox.com]
> **Sent:** Monday, December 28, 2009 3:39 PM

3

Alex Gertsburg

| | |
|---|---|
| From: | Movshin, Lawrence [LMovshin@wbklaw.com] |
| Sent: | Friday, February 05, 2010 5:39 PM |
| To: | Alex Gertsburg |
| Cc: | Morse, Robert; Tramont, Bryan |
| Subject: | RE: Invoice |

Alex: please be assured that we will comply fully with our obligations to you as a former client of the Firm, including the protections afforded to confidential information and client secrets by the Rules of Professional Conduct.

Regards,

Larry

Lawrence J. Movshin
Partner
Wilkinson Barker Knauer, LLP
2300 N Street, NW, Suite 700
Washington, DC 20037
202-783-4141 (phone)
202-383-3338 (direct)
301-717-5154 (cell)
202-783-5851 (fax)
LMovshin@wbklaw.com
www.wbklaw.com

-----Original Message-----
From: Alex Gertsburg [mailto:agertsburg@broadvox.com]
Sent: Friday, February 05, 2010 12:54 PM
To: Alex Gertsburg
Cc: Movshin, Lawrence; Morse, Robert; Tramont, Bryan
Subject: Re: Invoice

Please don't discuss any of our recent communications with Qwest's counsel.
    notwithstanding that they are now your partners. I assume you have not, but please confirm right away.

*REDACTED FOR PRIVILEGE* [handwritten]

EXHIBIT A-3

1

**Alex Gertsburg**

| | |
|---|---|
| From: | Movshin, Lawrence [LMovshin@wbklaw.com] |
| Sent: | Monday, February 08, 2010 5:08 PM |
| To: | Alex Gertsburg |
| Cc: | Tramont, Bryan; Morse, Robert; Keller, Charles |
| Subject: | FW: Invoice |
| Attachments: | image001.gif |
| | |
| Sensitivity: | Confidential |

Alex:  In response to your two requests during today's call, I can now confirm that Mr. Roselli has not discussed the contents of your February 4, 2010 7:44 am email to me with anyone outside of our Firm and has no intent to do so. Although he has been speaking with his clients at Qwest about the initial existence of a conflict, and how the Firm has resolved it, the specifics of this Firm's prior representation or any of your emails to me have not been, and will not be, discussed by Mr. Roselli (or any other attorney in the Firm) with Qwest or any other party.

I can also confirm that none of the materials, conversations or correspondence that you had with our attorneys on the substantive issues for which we were retained have been shared with Mr. Roselli.  Only the overall subjects of the representation (i.e., Calea, LNP and E911 compliance), without more, were mentioned   While we do not believe that we possess any confidential materials of the type that you suggested in an earlier email, as a precautionary measure and to avoid the dispute in its entirety, we have taken steps to assure that none of the Broadvox information that we received from you, or otherwise, as part of the project we undertook will be available to him, and we have instructed all of our colleagues that none of Mr. Roselli or his colleagues who may, in the future, be involved in litigation with Broadvox should be given any of that information..

Good luck in the future,

Regards,

Larry

Lawrence J. Movshin

Partner
Wilkinson Barker Knauer, LLP
2300 N Street, NW, Suite 700
Washington, DC 20037
202-783-4141 (phone)
202-383-3338 (direct)
301-717-5154 (cell)
202-783-5851 (fax)
LMovshin@wbklaw.com
www.wbklaw.com

EXHIBIT A-4

---

**From:** Alex Gertsburg [mailto:agertsburg@broadvox.com]
**Sent:** Monday, February 08, 2010 12:27 PM
**To:** Movshin, Lawrence
**Cc:** Morse, Robert; Tramont, Bryan
**Subject:** RE: Invoice

Larry:

Thanks for the call just now.  Confirming, you stated that you forwarded to Mr. Roselli and his co-counsel the first e-mail I sent concerning [REDACTED FOR PRIVILEGE] but that you did not send him anything after that about our communications.  We agreed that you would confirm that he has not shared that

1

information with anyone outside of Qwest, and that you would request that he not do so at any time in the future. You and I disagreed as to the propriety of the forward and of any representation by your firm of Qwest. Please let me know if I have misstated anything.

Also please take all steps necessary to prevent Qwest's attorneys from having any access whatsoever to any information about Broadvox or its affiliated and related entities that either we disclosed to Wilkinson or that Wilkinson attorneys prepared in conjunction with representing our companies at any time.

We reserve all of our rights.

Thanks again for reaching out to me and responding to my question.

Alex Gertsburg



Alexander E. Gertsburg, Esq.
Vice President - General Counsel

Broadvox, Inc.
1228 Euclid Avenue
Suite 390
Cleveland, OH 44115

Direct Dial:    216.373.4811
Fax:            216.373.4812

agertsburg@broadvox.com



CONFIDENTIAL COMMUNICATION. This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. This communication may contain material protected by the attorney-client, attorney work-product, or other privilege. If you are not the intended recipient, please call me immediately. BROADVOX is a registered trademark of Broadvox, LLC.

This electronic message transmission contains information from the law firm of Wilkinson Barker Knauer, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at 202.783.4141 or by electronic mail (administrator@wbklaw.com) immediately.

This electronic message transmission contains information from the law firm of Wilkinson Barker Knauer, LLP which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone at 202.783.4141 or by electronic mail (administrator@wbklaw.com) immediately.